# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 2, 2017

155047

PNC BANK,
   Plaintiff-Appellant,

v

ERCOLE DiSTEFANO, JOANNE DiSTEFANO,
NORTH CRE VENTURE 2010-2, LLC, and
FCI LENDER SERVICES, INC.,
   Defendants,
and

SELECT COMMERCIAL ASSETS, LLC,
   Defendant-Appellee.
_____/

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

SC: 155047
COA: 333441
Macomb CC: 2014-004005-CH

On order of the Court, the application for leave to appeal the November 23, 2016 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, C.J. (*concurring*).

I concur in the Court's order of denial. Plaintiff here relies heavily on *Cordes v Great Lakes Excavating & Equip Rental, Inc*, unpublished per curiam opinion of the Court of Appeals, decided June 7, 2012 (Docket No. 304003), in which that Court held that a mortgagor's affidavit stating that an earlier mortgage on the property had been improperly discharged placed a subsequent purchaser on notice of the first mortgagee's interest and the subsequent mortgagee's interest was thus subordinate. Without determining whether *Cordes* was rightly decided, I write separately only to note that *Cordes* is clearly distinguishable from the instant case. In *Cordes*, the affidavit of erroneous discharge was recorded *before the* execution and recording of the second mortgage. Here, the affidavit of erroneous discharge was recorded *after* the second mortgage had been executed and recorded. Only the assignment of the second mortgage occurred *after* the affidavit of erroneous discharge had been recorded. Thus, whether unpublished or published, *Cordes* is distinguishable and does not, in my judgment, support plaintiff's claim.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 2, 2017



Clerk

t0530